**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

NESTA KELLER and ALLYN KELLER, husband and wife,

Plaintiffs,

vs.

ETHICON, INC.,

Defendant.

**Civil No. 01-CV-1480 DDA/FLN**

---

**STIPULATION AND PROTECTIVE ORDER AND ORDER**

Upon the stipulation of the plaintiffs, and each of them ("plaintiffs") and defendant ETHICON, INC., and through their respective attorneys,

IT IS HEREBY ORDERED that defendant ETHICON, INC., ("ETHICON") may designate as "Confidential" such portions of deposition transcripts of employees or experts of ETHICON, discovery responses of ETHICON, including interrogatory answers, responses to requests for admission, etc., and any documents, data, or other materials produced by ETHICON which contain information in the following categories: trade secrets, confidential research, development, commercial or financial information (hereafter "confidential information"). Use of confidential information by plaintiffs and their attorneys and agents also shall be subject to the following restrictions:

1. This Protective Order shall not apply to the following materials:

(a) Documents of public record;

(b) Documents filed as a public record with the clerk of any federal or state court;

FILED 1-18-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.________
DEPUTY CLERK________

(c) Documents filed with any federal or state agency, copies of which are required by that agency to be freely available in their entirety to the public; and

(d) Documents or articles published in trade magazines or other general circulation publications.

2. Absent express authorization by ETHICON's counsel or a court order, confidential information shall be used only for the purpose of this litigation except as provided under paragraph 4 below.

3. Confidential information shall not be:

(a) Given, shown, made available, or communicated in any way to anyone, other than the plaintiffs herein, their attorneys of record, employees of attorneys of record for the plaintiffs who are essential to the prosecution of this action, consultants and experts retained by counsel for the plaintiffs or as otherwise ordered by the Court. All persons allowed access to confidential information shall first sign the attached agreement which shall be served upon counsel for ETHICON, unless such disclosure is made to a person designated as a consultant and or expert, in which case his identification and signed agreement will be maintained by counsel for the plaintiffs and disclosed to ETHICON within one hundred twenty (120) days of the resolution of this action.

(b) Reproduced or retained in any fashion whatsoever, except that for the purpose of preparation of this case for trial, copies, excerpts, or summaries of documents may be made, shown or given to those authorized pursuant to subparagraph (a) above in accordance with the provisions to that subparagraph; provided, however, that within one hundred twenty (120) days of the resolution of this action, any confidential information, including without limitation any copies, excerpts, or summaries of documents, shall be assembled and returned along with the originals to counsel for ETHICON, or, in the alternative, shall be destroyed by

plaintiffs' counsel with a certification to counsel for ETHICON in writing that all such materials have been destroyed.

(c) Notwithstanding the foregoing, counsel for the plaintiffs may retain his or her work product, including pleadings and memoranda filed with the Court and memoranda and summaries created by plaintiffs' attorney, but shall delete all confidential information or descriptions thereof.

4. Counsel for the plaintiffs are not to disclose confidential information produced by ETHICON to any person or organization except those identified in paragraph 3, subparagraph (a) above and in the manner prescribed by that same subparagraph with one exception. If counsel for plaintiffs are contacted by counsel for another plaintiff (who has filed a court action against ETHICON and has served ETHICON with a copy of the complaint) seeking discovery of this confidential information, plaintiffs' counsel in this action are to follow the following procedures:

(a) Plaintiffs are to advise requesting counsel that counsel for ETHICON must be notified, and to inquire of requesting counsel as to the title of the action, including the identity of the court in which the action has been filed;

(b) Plaintiffs' counsel are to notify counsel for ETHICON, Faegre & Benson LLP, that plaintiffs' counsel has received this request;

(c) At the time of this notification, plaintiffs' counsel are to provide counsel for ETHICON, Faegre & Benson LLP, with the name and telephone number of the counsel requesting discovery of the confidential information, the title of the action including the identity of the court in which the action has been filed, if known, and a description of each

document, item or material to be shown or communicated which is sufficiently specific so as to permit ETHICON to identify it;

(d) ETHICON will then have twenty (20) days to respond to this request. During this twenty day time period, plaintiffs' counsel are not to disclose any confidential information to the counsel requesting discovery; and

(e) After the expiration of twenty days, and in the absence of a court order prohibiting disclosure of this confidential information, or the scheduled hearing of a motion by ETHICON to seek a court order to prohibit disclosure of this confidential information, or an agreement from ETHICON to provide the requested confidential information to the requesting counsel, plaintiffs' counsel may disclose the confidential information to the counsel identified pursuant to subparagraphs (a) and (b). Plaintiffs' counsel are to disclose this information only after the requesting counsel has read this order, agreed to be bound by the same and has signed a copy of the attached agreement.

5. Any pleading, motion, brief or memorandum which describes or refers to any confidential information, or to which any confidential information is attached as an exhibit, or any portions of depositions or the trial transcript that contain information read from or obtained from confidential information, shall be filed under seal, but remain available to the Judge responsible for any phase of this action, to the jury and to such other court personnel as that Judge deems necessary. Neither the plaintiffs nor their representatives shall refer to this confidential information in the presence of any person who has not signed an agreement to be bound by this protective order or who is not essential to the trial process, to wit: the Judge; the jury; the courtroom personnel deemed necessary by the Judge; counsel for the various parties; and any other person approved by the Judge presiding over the trial of this

action unless reference to such confidential information has been previously agreed to by ETHICON or explicitly approved by this Court after notice to ETHICON and an opportunity for it to be heard.

6. Any person who objects to the designation of any document as confidential shall state its objection and the basis therefor in writing to the party or other person by which the designation was made. Within fourteen (14) days from service of such an objection, the designating party shall reply in writing. Counsel shall then confer with one another concerning any such dispute in accordance with the local meet and confer provisions. If agreement cannot be reached, the designating party shall, within ten (10) days from the date of the meet and confer conference, apply to the court for a ruling that a document (or category of documents) stamped as confidential is entitled to such status and protection. Pending a ruling by the court on the motion, this Order shall remain in effect.

7. Upon the conclusion of this litigation, the Court shall retain jurisdiction over any person or organization authorized under paragraph 3, subparagraph (a) above to receive confidential information, as necessary to enforce the provisions of this protective order.

8. This order is enforceable pursuant to Rule 26(c) and Rule 37 of the Federal Rules of Civil Procedure.

Plaintiffs and ETHICON through their respective counsel hereby stipulate that the Court may enter the order set forth above.

DATE: 12/27, 2001.

SIVERTSON AND BARRETTE PA

Alf E. Sivertson
Attorneys for Plaintiffs

DATE: 12/28, 2001.

FAEGRE & BENSON LLP

Joseph M. Price
Attorneys for Defendant ETHICON, INC.

**IT IS SO ORDERED:**

DATE: 1/18, 2002

MAGISTRATE
UNITED STATES [redacted] JUDGE

M2:20418345.01

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned, having read and understood the Protective Order attached as Exhibit A hereto governing the restricted use of documents and other information and materials obtained from ETHICON, INC., in *McCloskey, et al. v. Ethicon, Inc., et al.*, No. 00-2143 (HL), United States District Court for the District of Puerto Rico ("District Court"), hereby agrees to be bound by the terms thereof. The undersigned further agrees to submit to the jurisdiction of the District Court as necessary to enforce the provisions of the Protective Order.

DATE: _______________, 2001.

_____________________________________________

M2:20418345.01

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.